UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHONSO R.

      Plaintiff,

v.

Case No. 23-cv-11085
Honorable Linda V. Parker

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

**OPINION AND ORDER**
**(1) ADOPTING MAGISTRATE JUDGE'S JULY 17, 2024 REPORT AND RECOMMENDATION (ECF NO. 13); (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 8); AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 11)**

On May 8, 2023, Plaintiff filed this lawsuit challenging Defendant's final decision denying in part his application for social security benefits. Defendant concluded that Plaintiff was not disabled prior to March 7, 2021, but was disabled after that date due to a change in his age category. (*See* ECF No. 4-1 at PageID. 40.) The parties have filed cross-motions for summary judgment with respect to Plaintiff's challenges to that decision in this action. (ECF Nos. 8, 11.) The matter has been referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

1

On July 17, 2024, Magistrate Judge Altman issued an R&R recommending that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's administrative decision. (ECF No. 13.) At the conclusion of the R&R, Magistrate Judge Altman advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at PageID. 1126-27.) Plaintiff filed objections on July 30. (ECF No. 14.) Defendant thereafter responded to Plaintiff's objections. (ECF No. 15.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, a court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, the court "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of an R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff asserts three objections to Magistrate Judge Altman's R&R. Each of Plaintiff's objections relate to the Administrative Law Judge's treatment of a September 27, 2020 evaluation authored by Plaintiff's primary care physician, Maridel Hernandez, D.O.

First, Plaintiff asserts that Magistrate Judge Altman erred in characterizing Dr. Hernandez' evaluation as one "consist[ing] largely of one-word answers, circles, and checkmarks, that provided no supporting findings or lab/test results." (*See* ECF No. 14 at PageID. 1129 (quoting ECF No. 13 at PageID. 1115).) Based on this characterization, Magistrate Judge Altman found support for the ALJ's conclusion that the opinions in the evaluation were "not sufficiently supported by strong enough reasoning for the significantly disabling restrictions." (ECF No. 13 at PageID. 1115.) Plaintiff asserts that "[t]his characterization ignores and mischaracterizes the extensive narrative support provided by Dr. Hernandez." (ECF No. 14 at PageID. 1129.) This Court does not find "extensive narrative support" in Dr. Hernandez' evaluation to support her opinions and, therefore, rejects Plaintiff's objections.

For the most part, the narrative statements on the evaluation form simply restate the conclusions expressed elsewhere on the form. For example, Dr. Hernandez checked "Yes" to the question of whether Plaintiff has "[s]ensory or motor aphasia resulting in ineffective speech or communication[.]" (ECF No. 4-1 at PageID. 693.) The written narrative does not offer support for that opinion but simply restates that Plaintiff has "word finding dysarthria [slurred speech] worsened by Plaintiff's stroke and complicated by his diabetes." (*Id.* at PageID. 694.)

Further, at least two of the four narrative bullet points relate to Plaintiff's psychiatric functioning (*see* ECF No. 4-1 at PageID. 695), which the ALJ explained were not credited because they were inconsistent with the opinion of a professional in the mental health field (*id.* at PageID. 38). Finally, the last bullet point—that stroke could

3

reoccur and produce a worse outcome—does not opine on Plaintiff's impairments, symptoms, or limitations or provide support for the impairments and limitations that are specified. Therefore, the Court rejects Plaintiff's first objection to Magistrate Judge Altman's R&R.

Because the Court rejects Plaintiff's first objection and finds that the ALJ sufficiently addressed the supportability of Dr. Hernandez' opinion, it necessarily rejects his second objection. In that second objection, Plaintiff asserts that Magistrate Judge Altman inappropriately provided her own reasons to fill in for the ALJ's purported insufficient reasoning for rejecting Dr. Hernandez' opinion. (*See* ECF No. 14 at PageID. 1131.)

In his third objection, Plaintiff contends that Magistrate Judge Altman "improperly conflated" the ALJ's supportability analysis of Dr. Hernandez' opinion with other factors in 20 C.F.R. § 404.1520c (e.g., the extent of the treatment relationship between the medical source and claimant, whether the medical source is a professional in the relevant field). The question, however, is not simply supportability but the weight the Social Security Administration gives a medical source's opinion. *See* 20 C.F.R. § 404.1520c(a). "Supportability" is just one of many factors relevant to that determination. *See id.* § 404.1520c(c). While it and "consistency" are "[t]he most important factors[,]" *id.* § 404.1520c(a), the relationship between the provider and claimant and the medical source's specialization (or lack thereof), among other factors, also are relevant. *Id.* § 404.1520c(c).

4

The ALJ addressed the supportability factor, explaining that Dr. Hernandez failed to provide supporting explanations for the significantly disabling restrictions indicated on the evaluation form. (*See* ECF No. 4-1 at PageID. 37.) The ALJ then discussed the other relevant factors that caused her to be unpersuaded by the opinion.[1] (*Id.* at PageID. 37-38.)

In short, the Court has made a *de novo* determination of those portions of the R&R to which Plaintiff objects and reaches the same conclusion as Magistrate Judge Altman. The Court, therefore, adopts Magistrate Judge Altman's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment is **DENIED**;

**IT IS ORDERED** that Defendant's motion for summary judgment is **GRANTED**.

Date: September 13, 2024                    s/LINDA V. PARKER
                                            UNITED STATES DISTRICT JUDGE

---

[1] This Court finds some merit to Plaintiff's argument concerning the length of his treatment with Dr. Hernandez, asserted in response to the ALJ's comment that Plaintiff was not treating with Dr. Hernandez when she authored her opinion. Nevertheless, this alone does not warrant a finding that the ALJ failed to properly support her rejection of Dr. Hernandez' opinion.